O’Neill, J.
The question for this court to determine is whether there must be expert evidence as to future pain or suffering, permanency of injuries or lasting impairment of health, where the injury is subjective in character.
The general rule on the subject is stated, as follows, in the annotation, 115 A. L. R., 1149, at page 1150 :
“* * * That is, if the injury is of an objective nature (such as the loss of an arm, leg, or other member) the jury may draw their conclusions as to future pain and suffering from that fact alone (the permanency of such injury being obvious); whereas there must be expert evidence as to future pain and suffering or permanency where the injury is subjective in character.’’ See, also, 15 American Jurisprudence, 815, Damages, Section 377.
A leading Ohio case, Tally v. Mahoning Express Co., Inc., 161 Ohio St., 457, follows the same reasoning and expresses the *87 rule that expert medical testimony is necessary to sustain a verdict for future medical expenses, as well as future loss of wages.
This same rule with regard to the permanency of injury and the assessment of damages for pain, suffering and disability as a result of such permanency of injury is supported by the greater weight of authority in jurisdictions outside Ohio and was followed in Brush v. Eastern Motor Dispatch, Inc., supra, paragraph two of the headnotes, as reported in 104 N. E. (2d), 700, reading as follows:
“In action by motorist for injuries sustained in an automobile-truck collision, where evidence showed that motorist had at intervals from time of his injury suffered headaches and aches from knee injury, and there was no expert testimony advising-jury of probable time in future that such suffering would continue, charge that jury could consider any pain and suffering that jury was reasonably certain plaintiff would suffer in future, and that in considering question of measure of damages, jury would consider character of injuries as being permanent or otherwise as to their duration, was prejudicial in view of fact that any award as to future damages would be speculative.”
Such rule was followed also in the case of McCoy v. Gilbert, supra, where the court, in a per curiam opinion, said at page 460:
“McCoy alleged the following- serious injuries: ‘A fracture of the left fibula, left foot, a twisting and turning of the lumbar region of his back, causing severe strain to the muscles, tendons and ligaments of the lumbar region which also fired up a pre-existing arthritic condition . . . cuts and bruises about his face and head.’ There was substantial evidence to support these allegations and to show continuing pain and disability up to the time of examination by medical witnesses.
“Serious as these injuries and their persistent effects appear, no one can determine from the evidence that they are permanent. In these circumstances, the absence of medical opinion on the point renders the jury’s consideration of permanent pain and suffering- conjectural and the instruction erroneous.”
In the Tully case, supra, Judge Hart, referring- to the plaintiff’s estimate of his future hospital expenses, the period of necessary future hospitalization and the length of tiwe he *88 would be out of employment by reason of further hospitalization and medical treatment, said:
“The inquiries made of the plaintiff call for a knowledge of matters of a highly technical and speculative nature, not ordinarily possessed by a layman, and involved the estimate of expense in a field about which the plaintiff, so far as the record shows, knew absolutely nothing. Only one who has expert knowledge of medicine or hospitalization could possibly testify within the range of probability on the subjects under consideration. ’ ’
The symptoms of the injuries testified to by the plaintiff in the trial of the instant case were purely subjective at the time of the trial, and there was no expert medical testimony, or any other testimony for that matter, showing any objective nature of the alleged injuries.
The plaintiff takes the position that the damages awarded are not excessive and, therefore, that the judgment of the Court of Appeals should be affirmed.
However, the record discloses that, in argument to the jury, counsel for the plaintiff relied heavily upon the permanency of the injuries. Thus, in the record the following argument appears :
“Ladies and gentlemen, neither of the doctors are going to express an opinion as to when that condition will clear up; therefore, you may presume that the condition of the back is a permanent condition. * * *
6 i * & *
“ * * * does that give the right to inflict future damage upon her, which consists of injury to the lower back, which makes her nervous so she can’t sit still? * * *
“Here is a young woman beginning her life, at a time when she may have a family of three or four children and her injury, which is at an important part of her anatomy. You people who have experience with low back pain know what I mean by that. It’s in the low part of the spine and she had this permanent injury, ladies and gentlemen, and she has had it now for four years and she is going to have it for the rest of her life.
( i # # #
“Bo you see, ladies and gentlemen, we are confronted with *89 that situation, but the pain and suffering are the same and these disabilities that this young lady has, which she will never forget when she goes to do any lifting, whenever she goes to do the thousands of things a housewife must do, when she goes to do the things a mother must do, which is constantly lifting young children; she’s going to be reminded of the thing that happened out there on February 8, 1958.
U* * &
‘ ‘ * * * and what expenses a young woman is faced with at twenty-one years, with a lifetime of taking care of youngsters, doing all the things that a housewife must do, taking that into consideration then and arrive at a figure which you think will justly compensate this lady, do justice between the parties hereto. ’ ’
In view of the fact that the only evidence of permanency of injury is subjective in character, and that there is no medical evidence of the objective character of the injury or the permanency of the injury, the jury was left to pure speculation as to the assessment of damages for pain, suffering and disability caused by the alleged permanency of the injury, and the charge of the judge quoted above with regard to this subject was erroneous and prejudicial to the defendant.
The judgment of the Court of Appeals is reversed, and the cause remanded to the Common Pleas Court for a new trial.

Judgment reversed and cause remanded.

Taft, C. J., Zimmerman, Matthias, Griffith and Herbert, JJ., concur.